Mr. Amadeo Saenz, Jr., P.E. Executive Director Texas Department of Transportation 125 East Eleventh Street Austin, Texas 78701-2483
Re: Whether monies held in trust in a certain subaccount of the state highway fund may be transferred to a regional transportation authority (RQ-0721-GA)
Dear Mr. Saenz:
You ask whether monies held in trust in a certain subaccount of the state highway fond may be transferred to a regional transportation authority, i.e., a fund outside the state treasury.[1]
You state that in November 2007, the North Texas Tollway Authority paid the Texas Department of Transportation ("TxDOT") approximately $3.2 billion under a comprehensive development agreement. See Request Letter at 1-2. TxDOT has determined that the payment "is surplus toll revenue" derived from "the State Highway 121 project in Denton and Collin counties." Id Consistently with Transportation Code sections 228.005 and228.012, we assume that TxDOT deposited the payment in a subaccount of the state highway fond for the State Highway 121 ("SH 121") project.See TEX. TRANSP. CODE ANN. §§ 228.005, .012 (Vernon Supp. 2008).
You also state that TxDOT "has entered into an agreement with the Regional Transportation Council (RTC) of the North Central Texas Council of Governments," which you indicate is the metropolitan planning organization for the Dallas-Fort Worth region. Request Letter at 2. That agreement "assigns the responsibility for allocating the money in the SH 121 subaccounts to the RTC, subject to the concurrence of the Texas Transportation Commission." Id
Section 228.012 of the Transportation Code provides in relevant part:
 (a) The department shall create a separate account in the state highway fond to hold payments received by the department under a comprehensive development agreement. . . .
 (b) The department shall hold money in a subaccount in trust for the benefit of the region in which a project or system is located *Page 2 
and may assign the responsibility for allocating money in a subaccount to a metropolitan planning organization in which the region is located
TEX. TRANSP. CODE ANN. § 228.012(a)-(b) (Vernon Supp. 2008). These provisions clearly demonstrate that TxDOT is required to hold the funds in question "in a subaccount in trust for the benefit of the region."Id. And as we have noted, section 228.005 mandates the deposit of these funds "in the state highway fund." Id. § 228.005. A brief we have received argues that, because the RTC is assigned the responsibility toallocate the money, it may also determine the time at which that money shall be distributed.[2] But "allocate" and "distribute" are not equivalent terms.
No judicial decision of which we are aware recognizes the distinction between the terms "allocate" and "distribute."[3] One dictionary equates the two terms. See NEW OXFORD AMERICAN DICTIONARY 43 (2001) ("allocate" defined as "distribute . . . for a particular purpose"). Another standard dictionary, while including the meaning of "distribute according to apian," also defines the term "allocate" to mean "set apart for a special purpose; designate." See AMERICAN HERITAGE DICTIONARY 48 (4th ed. 2000). The latter dictionary declares that the synonyms for "allocate" include the words "appropriate," "designate," and "earmark."Id.
Other portions of the Transportation Code, however, appear to recognize a distinction between the words "allocate" and "distribute." One provision states that "[t]he department shall allocate the distribution of funds to department districts in the region that are located in the boundaries of the metropolitan planning organization." TEX. TRANSP. CODE ANN. § 228.0055(b) (Vernon Supp. 2008) (emphasis added). Another provision of the code, relating to the distribution of the county and road district highway fund, is even more instructive:
 (a) The comptroller shall distribute to the counties on or before October 15 of each year the money appropriated from the county and road district highway fund for that fiscal year.
 (b) The money appropriated under Subsection (a) shall be allocated among the counties as follows:. . . .
Id. § 256.002 (emphasis added). Finally, a provision of the Transportation Code that was repealed in 2003, stated that "[o]f the money allocated under Section 456.022(1), the commission shall *Page 3 distribute:. . . ." Act of May 19, 1997, 75th Leg., R.S., ch. 588, § 5, 1997 Tex. Gen. Laws 2052, 2053, repealedby Act of June 1, 2003,78th Leg., R.S., ch. 312, § 79(b), 2003 Tex. Gen. Laws 1310, 1330 (emphasis added). These statutes indicate that the Legislature knows the distinction between the words "allocate" and "distribute," and that, by its use of the term "allocate" in section 228.012 of the Transportation Code, it did not thereby intend to equate the word "allocate" with the word "distribute." Thus, while section 228.012(b) authorizes a metropolitan planning organization to "allocate" money in a subaccount of the state highway fund, that authority does not extend to a "distribution" of the funds.
We conclude that section 228.012 of the Transportation Code does not provide authority for the Texas Department of Transportation to transfer monies held in trust in a particular subaccount of the state highway fund to a regional transportation authority. *Page 4 
 SUMMARY
Section 228.012 of the Transportation Code does not provide authority for the Texas Department of Transportation to transfer monies held in trust in a particular subaccount of the state highway fund to a regional transportation authority.
Yours very truly,
 GREG ABBOTT Attorney cfeneral of Texas
 ANDREW WEBER First Assistant Attorney General
 JONATHAN K. FRELS Deputy Attorney General for Legal Counsel
 NANCY S. FULLER Chair, Opinion Committee
 Rick Gilpin Assistant Attorney General, Opinion Committee
[1] Request Letter (available at
http://www.texasattorneygeneral.gov).
[2] See Brief from Rider Scott, Strasburger Price, LLP, on behalf of the North Central Texas Council of Governments, to Honorable Greg Abbott, Attorney General of Texas, at 3-4 (Aug. 8, 2008) (on file with the Opinion Committee).
[3] The highest court of another state has recognized the distinction between the words "allocation" and "appropriation." In State ex relHaynes v. District Court, 78 P.2d 937, 943 (Mont. 1938), the court said that the word "allocation" refers to an apportioning of funds, while the word "appropriation" refers to an authorization to spend those funds. That case was specifically cited by this office in Letter Advisory No. 102 (1975).